**FILED**
CLERK, U.S. DISTRICT COURT

08/18/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___rs_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:19-164-MWF |
| Plaintiff, | JURY INSTRUCTIONS |
| v. | |
| SALOUMEH RAHBARVAFAEI, | |
| Defendant. | |

Instruction No.   1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

**Instruction No.   2**

The indictment is not evidence.  The defendant has pleaded not guilty to all charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of each charge beyond a reasonable doubt.

**Instruction No.   3**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**Instruction No. __4__**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Instruction No.   5**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

**Instruction No.    6**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Instruction No.  7**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.  That is, circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Instruction No. ___8___**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the

witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction No.   9**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

**Instruction No.   10**

A separate crime is charged against the defendant in each count. You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**Instruction No.   11**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**Instruction No.  __12__**

You have heard evidence that the defendant prescribed medications to other patients, which are not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, knowledge, and/or absence of mistake and for no other purpose.

**Instruction No.   13**

You have heard testimony from undercover agents who were involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

**Instruction No.   14**

You have heard testimony from Timothy Munzing and James Patrick Murphy who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Instruction No.  15**

     During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1        **Instruction No.   16**

2        The defendant is charged in Counts One through Five of the

3   indictment with the distribution of Hydrocodone, and in Counts Six

4   through Eight of the indictment with the distribution of Tramadol, in

5   violation of Section 841(a)(1) of Title 21 of the United States Code.

6   In order for the defendant to be found guilty of those charges, the

7   government must prove each of the following elements beyond a

8   reasonable doubt:

9        First, the defendant knowingly distributed Hydrocodone (as to

10  Counts One through Five) or Tramadol (as to Counts Six through

11  Eight);

12       Second, the distribution of Hydrocodone (as to Counts One

13  through Five) or Tramadol (as to Counts Six through Eight) was

14  outside the usual course of professional practice and without a

15  legitimate medical purpose; and

16       Third, that the defendant intentionally acted in an unauthorized

17  manner. That is, when she prescribed each controlled substance, she

18  intended to do so without a legitimate medical purpose and she

19  intended to act outside the usual course of professional practice.

20       A practitioner "distributes" a controlled substance by the act

21  of writing a prescription for a controlled substance for another

22  person.

23       There are no specific guidelines in the law defining what is the

24  usual course of professional practice or defining a legitimate

25  medical purpose.  Therefore, in determining whether the defendant

26  acted outside the usual course of professional practice, you may

27  consider the standards to which medical professionals generally hold

28  themselves, including accepted standards of care among medical

                                      18

professionals.  However, any finding of criminal liability must ultimately depend on the mental state of the defendant herself, not what a hypothetical "reasonable" medical practitioner would do or intend.  Because of the need for the government to prove the defendant's criminal intent, this case is different from a medical malpractice case.

**Instruction No.  17**

The intent of a person at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's intent.

**Instruction No.   18**

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

1       **Instruction No.   19**

2       When you begin your deliberations, elect one member of the jury

3   as your foreperson who will preside over the deliberations and speak

4   for you here in court.

5       You will then discuss the case with your fellow jurors to reach

6   agreement if you can do so.  Your verdict, whether guilty or not

7   guilty, must be unanimous.

8       Each of you must decide the case for yourself, but you should do

9   so only after you have considered all the evidence, discussed it

10  fully with the other jurors, and listened to the views of your fellow

11  jurors.

12      Do not be afraid to change your opinion if the discussion

13  persuades you that you should.  But do not come to a decision simply

14  because other jurors think it is right.

15      It is important that you attempt to reach a unanimous verdict

16  but, of course, only if each of you can do so after having made your

17  own conscientious decision.  Do not change an honest belief about the

18  weight and effect of the evidence simply to reach a verdict.

19      Perform these duties fairly and impartially.  You should also

20  not be influenced by any person's race, color, religious beliefs,

21  national ancestry, sexual orientation, gender identity, gender, or

22  economic circumstances.  Also, do not allow yourself to be influenced

23  by personal likes or dislikes, sympathy, prejudice, fear, public

24  opinion, or biases, including unconscious biases.  Unconscious biases

25  are stereotypes, attitudes, or preferences that people may

26  consciously reject but may be expressed without conscious awareness,

27  control, or intention.

28

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Instruction No.   20**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could

1    result that would require the entire trial process to start over.  If

2    any juror is exposed to any outside information, please notify me

3    immediately.

**Instruction No.   21**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

26

**Instruction No.   22**

The punishment provided by law for this crime is for me to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Instruction No.   23**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Instruction No.   24**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.